## Case No. 16,408.

### UNITED STATES v. STOTT.

[2 Cranch, C. C. 552.] [1]

Circuit Court, District of Columbia. April Term, 1825.

DISTRESS FOR RENT—POWERS OF BAILIFF.

A bailiff cannot lawfully force himself into a house, by the outer door (although partially opened by one within), to make a distress for rent.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Indictment for assault and battery upon one Theodore Meade, who was a constable employed by the landlord to levy a. distress for rent. Having knocked at the outer door, it was partially opened by Mrs. [Elizabeth] Stott, but seeing the constable, she instantly endeavored to close it. The constable, having one arm and one leg ·in, forced it open and entered. Mrs. Stott then collared him and struck him with a bed-wrench, and seized his bag and threw it out of the window; and for this assault and battery she was indicted.

Mr. Hewitt, for defendant, contended that the bailiff had no right to force the door open, under those circumstances, but was himself a trespasser, and cited Lee v. Gansel, Cowp. 1.

THE COURT (THRUSTON, Circuit Judge, absent) said that the bailiff had no right to force the door open, under those circumstances. That he could not lawfully use force to get in, although the door was partially opened by the defendant. It was like the case of a door fastened by a chain so as to allow it to be opened a few inches only.· In Lee v. Gansel, Lord Mansfield doubted, whether, if the chamber of Gansel could be considered as his castle, and the ·door so far opened as to admit the thigh of the officer, he could justify ·forcing himself entirely in, so as to arrest Gansel.

Verdict, "Not guilty."